E. Febrenbacke *v.* A. Straus et al.

Pleading—Sufficiency of Allegations in Petition.

     A petition for an injuncton against the. enforcment of a judgment obtained by default, which shows that plaintiff was negligent in answering a former suit and allowed judgment to go against him, examined and held insufficient as a defense, either at law or equity.

Estoppel—Sale of Property—Power of Attorney.

     A sale of property by one holding a power of attorney, though voidable on the ground of fraud by the vendor, is binding on him who makes the sale under the power of attorney, where it is shown that the sale was made, upon the agreement that the property was to be re-deeded to him.

Injunction—When not Maintainable.

     Injunction is not maintainable to withhold enforcment of a judgment obtained by default, after process duly served, and the suit ignored by defendant.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 29, 1868.

This was an action in equity by appellant, to annual a judgment at law obtained by appellee, upon which an injunction was obtained upon the following facts: That appellee having been indicted in the city court of Louisville, fled to Canada to avoid arrest, and while there, sent a power of attorney to appellant to transact all business for him, sell his land, etc., and his wife, coming back to Louisville, saw appellant, and they had some understanding about the sale of the house and lot owned then by said Straus. Appellee was surety on a bond in default to the city of Louisville for $800. Appellant, under the power of attorney, sold the land of Strauss, to his brother, Carl Febrenbacke, with the understanding that the land was to be re-deeded to him. Some six years thereafter Strauss returned and demanded payment for the property, of $1,000 less $175 paid, and on refusal by appellant to make settlement, brought an action at law for $810 balance due. Appellant was duly summoned, but did not appear to defend, and a default judgment was taken against him. The sheriff, with an execution,

went to him, and advised settlement, or he would be compelled to foreclose on him. Accordingly, other property, belonging individually to appellant, was levied on and sold by the sheriff, for $1,005, and just before the sale was confirmed, appellant filed said petition seeking to vacate the judgment and sale, alleging all the facts above recited, except as to the agreed sale price of the land which he stated was $535, and insisted in his petition that although the subpoena was served on him, he did not know what it was, and did not know anything about the whole suit until the purchaser at the execution sale came to demand possession of his house. He also alleges that he had tried to make settlement with Strauss, if he would pay off or discharge the bond in default, $800, and had been waiting for that to be done. On final hearing, the appellee presented a deed to the court to his house and lot, and the chancellor accepted same, ordered it delivered to appellant, dismissed the injunction with costs and damages, and appellant appeals.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The matter set up in the petition was insufficient as a defense, either at law or in equity. The pretended sale of the appellee's house, though voidable by him, is binding on the appellant by estoppel. And there being no doubt that, as to title, the appellant is the only beneficial party, he is undoubtedly liable for rent or interest.

The injunction was not maintainable even if the matter alleged had been available in the proper mode and at the proper time. No good reason for suffering judgment by default has been shown. The matter ought to have been pleaded as a defense to the action and is not therefore now cognisable in equity.

The injunction was, therefore, properly dissolved. And we perceive no error in the judgment. The ostensible vendee of appellee's house was a party, and the house sold under execution was not the same, and thus all parties interested are concluded.

Wherefore, the judgment is affirmed.

*L. A. Wood, for appellee.*